IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PETER ALEXENKO**, | Civil Action |
| Plaintiff, | |
| v. | No. 16 CV 11283 |
| **MICHAEL HOFFMAN**, individually and in his capacity as a police officer for the City of Naperville, Illinois, and **THE CITY OF NAPERVILLE**, an Illinois municipality, | Judge Ellis |
| | Magistrate Judge Weisman |
| Defendants. | JURY DEMAND |

## FIRST AMENDED COMPLAINT

By his attorneys of record the plaintiff, PETER ALEXENKO ("Alexenko"), complains of the defendants, MICHAEL HOFFMAN ("Hoffman"), individually and in his capacity as a police officer for the City of Naperville, and THE CITY OF NAPERVILLE ("Naperville"), an Illinois municipality. Pleading hypothetically and in the alternative, the plaintiff alleges as follows:

## COMMON FACTS

1. Plaintiff Alexenko is and was at all times relevant hereto a resident of Naperville Illinois.

2. Defendant Hoffman is and was at all times relevant hereto a resident of Naperville, Illinois.

3. Defendant Hoffman was at all times relevant hereto a police officer working for the City of Naperville as a police social worker and acted under color of law.

4. Defendant Naperville is an Illinois municipal corporation located in and operating in DuPage County, Illinois.

5. In 2015, Alexenko began to reside with Genevieve Hines ("Hines"), the mother of his child, and the minor child A.A., at or near the 700 block of Benedetti Drive, Naperville, Illinois.

6. In 2015, Alexenko and Hines were having trouble in their relationship, and on October 10, 2015 a dispute arose between them in the presence of their minor child, and Alexenko called the Naperville police.

7. On October 10, 2015, the Naperville police, including Officer Hoffman, responded to Alexenko's call and, over his objection, allowed and facilitated Hines' taking of the minor child A.A. from Alexenko's residence.

8. On October 19, 2015, after having no contact with his minor child A.A. since October 10, 2015, and after not being able to make contact with Hines, Alexenko went to the Naperville police station, and reported that Hines took his minor child from his residence on October 10, 2015, and that he had not heard from them since then. In response to Alexenko's plea, the front desk officer told him that Hines was in touch with Hoffman, who reports that Hines and the minor child are "O.K.," and that Alexenko needed to speak with Hoffman. Alexenko attempted to contact Hoffman but was unsuccessful.

9. Fearing that he would not be allowed contact with his minor child, on October 20, 2015, Alexenko went to the DuPage County Circuit Court and was awarded an emergency order of protection in his and his minor child's favor and against Hines (attached as **Exhibit A**).

10. On October 20, 2015, Alexenko took the emergency order of protection back to the Naperville police station and asked to have it given to Hoffman, and asked to be put into contact with Hoffman so he could determine where his child was being kept and

whether his child's needs were being met. The officers at the police station refused to accept the emergency order of protection from Alexenko and refused to call Hoffman to the desk or give Alexenko contact information for Hoffman. Also, under Hoffman's direction, the Naperville police refused to honor the order of protection.

11. On October 26, 2015, Alexenko filed a child custody case in DuPage County Circuit Court. On November 9, 2015, a guardian ad litem was appointed for the minor child, who is believed to have begun an investigation into the matters involving Alexenko and his minor child. On November 15, 2015, the custody court entered an order returning the minor child to Alexenko's custody.

12. Hines, with Hoffman's assistance and guidance, refused to honor the court order and failed to return the child to Alexenko.

13. Hoffman thereafter began to attend court dates in the child custody case, offered false or misleading information to the court, and attempted to affect the disposition of the child custody case.

14. The child custody court ordered that Hines be allowed to go to Alexenko's house to get property belonging to her, and on December 14, 2015, Hoffman accompanied Hines to Alexenko's residence to get her property. While there, he facilitated and allowed Hines to take property belonging to Alexenko.

15. Upon information and belief, as a result of complaints to the Naperville police department by the aforementioned guardian ad litem, Hoffman's employment with Naperville was terminated.

16. As a direct and proximate result of Hoffman's bad acts and the bad acts of the Naperville police department, Alexenko suffered loss and damages, and continues to suffer loss and damages.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the federal claims alleged herein under 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the plaintiff and all defendants reside in this judicial district, and all events giving rise to the plaintiff's claims occurred within this judicial district.

## COUNT I
## (42 U.S.C. 1983/1988 v. Hoffman)

19. Alexenko re-alleges the forgoing paragraphs.

20. All of Hoffman's acts herein were performed under color of law.

21. All of Hoffman's acts herein were performed intentionally, with malice and with reckless indifference for Alexenko's rights, property and wellbeing.

WHEREFORE, Alexenko requests judgment in his favor and against Hoffman for compensatory and other lawful damages in an amount to be determined at trial, for compensation for the damages he suffered, and for all allowable costs, expenses, attorneys' fees and other fees pursuant to 42 U.S.C. § 1988, and requests an award in addition for punitive damages in the amount of one million dollars.

## COUNT II
## (42 U.S.C. 1983/1988 v. Naperville)

22. Alexenko re-alleges the foregoing paragraphs.

23. Various members of the Naperville police were aware of Hoffman's bad acts complained of herein, but failed to take action thereon before, and while, Alexenko suffered damages as alleged herein.

24. Various members of the Napervile police facilitated Hoffman and condoned his bad acts that caused Alexenko to suffer damages as alleged herein.

25. Various members of the Naperville police assisted Hoffman and others in the doing of such bad acts, as alleged herein, that resulted in Alexenko suffering damages as alleged herein.

26. It is the policy or custom of the Naperville police department to allow Hoffman and others to handle files without direct supervision, and to not address citizen complaints about their unsupervised bad acts.

27. It is the policy or custom of the Naperville police department to not acknowledge court orders such as the emergency order of protection, and the various orders entered in the custody case herein, and to allow Hoffman and others to perform bad acts that violate such court orders.

WHEREFORE, Alexenko requests judgment in his favor and against Naperville for compensatory and other lawful damages in an amount to be determined at trial, for compensation for the damages he suffered, and for all allowable costs, expenses, attorneys' fees and other fees pursuant to 42 U.S.C. § 1988.

### COUNT III
### (Intentional Infliction of Emotional Distress v. All Defendants)

28. Alexenko re-alleges the foregoing paragraphs.

29. The intentional acts of the defendants constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Alexenko.

30. As a direct and proximate result of the defendants' bad acts, Alexenko suffered severe mental anxiety, and emotional and physical distress.

WHEREFORE, Alexenko requests judgment in his favor and against the defendants for compensatory and other lawful damages in an amount to be determined at trial, for compensation for the damages he suffered, and for all allowable costs, expenses, attorneys' fees and other fees pursuant to 42 U.S.C. § 1988, and requests an award in addition for punitive damages in the amount of one million dollars.

## JURY DEMAND

Alexenko demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

Respectfully submitted,

 /s/Paul Luka
One of the Plaintiff's Attorneys


George Spataro
Paul Luka
Mendoza Law, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 508-6010
paul@alexmenddozalaw.com

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that he served the attached document/s on all parties of record via the Court's CM/ECF system, on the date listed above in the file stamp affixed hereto.

                                          /s/Paul Luka
                                          One of the Plaintiffs' Attorneys

George Spataro
Paul Luka
Mendoza Law, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 508-6010
paul@alexmendozalaw.com

# EXHIBIT A

| | | | | |
|---|---|---|---|---|
| **EMERGENCY ORDER OF PROTECTION** | COURT PH. | (630) 407-8700 | | |
| | COURT | EIGHTEENTH | JUDICIAL CIRCUIT | |
| | COUNTY | DuPage | STATE OF ILLINOIS | |
| | CASE NO. | 2015OP001281 | REF CASE | 2015F000721 |

**PETITIONER**
PETER            J            ALEXENKO (30)
First           Middle          Last

Petitioner's  ☒ Address/   ☐ Alternative Address
7██ BENEDETTI DRIVE ██            NAPERVILLE         IL 60563
     (Street/PO Box)                (City)          (State)(Zip)
☒ Petitioner
And/or on behalf of other protected person(s)
☒ Child(ren) as noted on page 6, Part C of this order
☐ Dependent_____(name)
☐ High Risk Adult_____(name)

**FILED**
OCT 20 2015 AM 10:12

*Chris Kachiroubas* (signature)

CLERK OF THE
EIGHTEENTH JUDICIAL CIRCUIT
DuPAGE COUNTY, ILLINOIS
FILE STAMP HERE

**RESPONDENT**
GENEVIEVE       CATHERINE         HINES (27)
First            Middle            Last
A.K.A. : GENNA
Relationship to Petitioner CC CS CH
Respondent's Address
Home 7██ BENEDETTI DRIVE ██   NAPERVILLE   IL 60563
       (Street/PO Box)          (City)     (State) (Zip)
Work NONE                                   IL
       (Street/PO Box)          (City)     (State) (Zip)
Work Hours : _____

| **RESPONDENT IDENTIFIERS** | | | | |
|---|---|---|---|---|
| SEX | RACE | DOB | HT. | WT. |
| F | ASIAN | ██ | 5'8" | 125 |
| EYES | HAIR | SOCIAL SECURITY # | | |
| HAZEL | BROWN | ██ | | |
| DRIVER'S LIC. # | | STATE | License Plate # | |
| | | IL | IL | |

**Caution Indicators:**
☐ (A) Considered armed and/or dangerous
☐ (S) Suicidal
☐ (Y) Considered armed, dangerous and suicidal

Distinguishing Features (scars, marks, tattoos, martial arts):
NONE

## THE COURT FINDS:

That it has jurisdiction over the Petitioner and subject matter and the Respondent will be provided with reasonable notice and an opportunity to be heard within the time required by Illinois law.

**THE COURT ORDERS:** (Additional findings are set forth herein)

☒ That Respondent is prohibited from further acts/threats of abuse on protected persons.  (See **R01**)
☒ That Respondent is ordered to stay away from Petitioner and/or other protected persons.  (See **R03**)
☐ The Circuit Clerk is directed to send within 24 hours Daycare/School Notice(s). (See page 7)

The terms of this Order shall be effective until  11/09/2015                            05:00 PM
                                                  (Date)                                (Time)
A hearing on the entry of a Plenary/Interim Order of Protection is set for: 11/09/2015   at  1:30 PM
                                                                            (Date)           (Time am/pm)
at the DuPage County Courthouse, 505 N. County Farm Road, Wheaton, Illinois  in Courtroom: 2011

***A PLENARY (FINAL) ORDER OF PROTECTION MAY BE ENTERED AGAINST YOU BY DEFAULT IF YOU FAIL TO APPEAR AT SUCH HEARING.***

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 1 of 11 - Emergency Order of Protection
Rev. 12/09

# NOTICES CONCERNING THIS EMERGENCY ORDER OF PROTECTION

### WARNING TO RESPONDENT

Violating this Order of Protection is punishable by imprisonment or fine or both, and can cause your bond to be revoked, result in a contempt of court citation against you, or the filing of a criminal charge.

This protection order is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U. S. C. § 2265). Violating this order of protection may subject you to federal charges and punishment. 18 U. S. C. §§ 2261-2262.

Only the court can change this order. The Petitioner cannot give you legal permission to change this order. If you go near the Petitioner, even with the Petitioner's consent, you may be arrested. Unless the court modifies/dismisses this order, you can be arrested for violating this Emergency Order of Protection. You act at your own risk if you disregard this WARNING.

You have been served with notice that the Petitioner has filed for a Plenary or Interim Order of Protection (effective for up to two years), and have been provided with a date on which you must appear in court if you wish to contest entry of the order. If you fail to appear, an Order of Protection may be issued in your absence.

### NOTICE TO PETITIONER

You cannot change the terms of this order by your words or actions. If the Court has ordered no contact or exclusive possession of the residence, only the Court can allow the Respondent to contact you or return to the residence. If you and the Respondent want to resume your relationship, you **must** ask the Court to modify or dismiss this Order of Protection.

If you wish to ask the court for an Interim or Plenary (Final) Order of Protection (effective for up to two years), you must appear in court on the date set for a hearing.

### NOTICE TO ALL LAW ENFORCEMENT AGENCIES AND OFFICERS

This Order of Protection is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U. S. C. § 2265), provided notice of this Emergency Order of Protection has been provided to the Respondent. Violating this Order of Protection may subject the Respondent to state and/or federal charges and punishment. 18 U. S. C. §§ 2261-2262.

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 2 of 11 - Emergency Order of Protection
Rev. 12/09

## NOTICE TO RESPONDENT

Any knowing violation of an order of protection forbidding physical abuse, neglect, exploitation, harassment, intimidation, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when a protected person is present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor and a second or subsequent violation is a Class 4 felony. The granting of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding legal custody or physical care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Stalking is a Class 4 felony for a first offense and a Class 3 felony for a subsequent offense. Any willful violation of any order is contempt of court. Any violation may result in fine or imprisonment.

## FINDINGS [Jurisdiction]

The Court, having reviewed the verified petition and having examined the petitioner under oath or affirmation, finds that:

1. Good cause exists for granting the remedy or remedies requested without prior service of process or notice because:

   A. ☒ The harm that Remedies 1, 3, 5, 8, 9, 11, 14, 15, and 17 are intended to prevent would be likely to occur if the Respondent were given prior notice, or greater notice than was actually given, of the the Petitioner's efforts to obtain judicial relief.

   B. ☒ For Remedy 2, the immediate danger of further abuse of Petitioner by Respondent, if Petitioner chooses or had chosen to remain in the residence or household while Respondent was given any prior notice or greater notice than was actually given or to Petitioner's efforts to obtain judicial relief, outweighs the hardships to Respondent of an Emergency Order granting Petitioner exclusive possession of the residence or household.

   C. ☐ For Remedy 10, improper disposition of the personal property would likely occur if the Respondent were given any prior notice, or greater notice than was actually given, of the Petitioner's efforts to obtain judicial relief, or Petitioner has an immediate and pressing need for the possession of that property. (750 ILCS 60/217 (a) (3) (iii)).

2. ☒ Petitioner's actual address is set forth on page one (1)
   or
   ☐ Disclosure of Petitioner's address would risk further abuse. The address set forth below is the address for the purpose of service of notice on the petitioner in this case.

   _____ _____ _____ _____
   (Street /PO Box)               (City)        (State)  (Zip Code)

3. ☒ The persons protected by this Order are:

   ☒ Petitioner

   ☒ Minor child(ren) who are so identified on page 6 of 11, Part C of this order.

   ☐ Other protected parties listed on page 1 of 11 of this order.

4. ☒ The court has jurisdiction over the minor child(ren) and/or other protected persons. (750 ILCS 60/208)

Rev. 12/09
Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 3 of 11 - Emergency Order of Protection

## RELATIONSHIP CODE
The Petitioner/Abused Person stands in relationship to the Respondent as (check **all** that apply):

| x | RELATIONSHIP | | x | RELATIONSHIP | | x | RELATIONSHIP | |
|---|---|---|---|---|---|---|---|---|
| ☐ | Spouse | (SE) | ☐ | Parent | (PA) | ☐ | Grandparent | (GP) |
| ☐ | Ex (former) Spouse | (XS) | ☐ | Sibling (brother/sister) | (SB) | ☐ | In-Law | (IL) |
| ☐ | Boyfriend/Girlfriend (Dating Relationship) | (BG) | ☐ | Step-child | (SC) | ☐ | Person with Disability | (PD) |
| ☒ | Child in common (parties not married) | (CC) | ☐ | Step-sibling | (SS) | ☐ | Person Responsible for High-Risk Adult | (PR) |
| ☒ | Shared / common dwelling | (CS) | ☐ | Step-parent | (SP) | ☐ | Personal Assistant or Caregiver to Person with Disability | (PC) |
| ☒ | Child | (CH) | ☐ | Grandchild | (GC) | ☐ | Other Related by Blood or Marriage | (OF) |

## FINDINGS [General]

The Court, having reviewed the verified petition and having examined the petitioner under oath or affirmation, finds that:

☒ Venue is proper (750 ILCS 60/209)

☒ The Respondent has abused the Petitioner and/or the child(ren) so identified on Part C (page 6 of 11) of this order and/or the protected person(s) listed on page 1 of 11 of this order (750 ILCS 60/214 (a)).

☒ The abused person(s) is/are unable to bring this Petition on his/her own behalf due to age, health, disability, or inaccessibility (750 ILCS 60/214 (a)).

☐ The Petition has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ An Order of Protection has previously been entered in the instant proceeding or in another proceeding in which any party, or a child of any party, or both, has/have been designated as either a respondent or a protected person(750/ILCS/60/223.1).

**IT IS ORDERED** the following remedies that are checked apply in this case.

## PART A. REMEDIES INVOLVING PERSONAL PROTECTION

☒ **1. (R01) (Police Enforced)** With respect to all protected persons, Respondent is prohibited from committing the following acts of abuse or threats of abuse (check all that apply):

☒ Harassment, interference with personal liberty, physcial abuse, or stalking.

☐ Intimidation of a dependant.

☐ Willful deprivation.

☐ Neglect.

☐ Exploitation.

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 4 of 11 - Emergency Order of Protection
Rev. 12/09

☒ 2. (R03) (Police Enforced) Stay Away
  ☒ a. Residence
      ☒ Respondent is ordered to stay at least __1000__ feet away from residence of the petitioner and/or protected person(s) located at _____ ; or
      ☐ Respondent is prohibited from remaining or entering while petitioner and/or protected person(s) are present at their residence currently located at _____

  "Stay Away" means for the respondent to refrain from both physical presence and non-physical contact with the petitioner whether direct, indirect (including, but not limited to, telephone calls, mail, email, faxes, and written notes), or through third parties who may or may not know about the Order of Protection.

  ☐ b. Respondent is prohibited from entering or remaining while petitioner and/or protected person(s) are present at:
      ☐ Their place of employment at _____
      ☐ Their school, located at _____
      ☐ Any of the following specified places where petitioner and/or protected person(s) are present: _____

☐ 3. (R14) (Police Enforced) Respondent is prohibited from entering or remaining in the residence or household while under the influence of drugs or alcohol and constituting a threat to the safety or well-being of Petitioner or Petitioner's children.

## PART B. REMEDIES INVOLVING PROPERTY

☐ 1. (R02) (Police Enforced) Petitioner is granted exclusive possession of, and Respondent is prohibited from entering or remaining present at the residence / household located at:

  _____
  (Street / P. O. Box)     (City)     (State) (Zip Code)

  ☐ Petitioner has a right to occupancy and Respondent has no such right or,
  ☐ Petitioner and Respondent both have right to occupancy, but the balance of hardship favors temporary possession by Petitioner, the court have considered the factors set forth in 750 ILCS 60/214 (c) (2).

☐ 2. (R10) (Court Enforced) **Personal Property**
  ☐ a. Petitioner is granted possession of the following personal property: _____
  ☐ b. If the Respondent has possession of the property listed in 2a above, the Respondent shall promptly make it available to the petitioner.

  With respect to 2a and 2b above, the Court finds as follows:
      ☐ The Petitioner, but not the Respondent, owns the property, or
      ☐ The parties own the property jointly, and sharing it would risk abuse or is impracticable and the balance of hardships favors temporary possession by Petitioner, and/or
      ☐ Petitioner claims property as marital property, and a proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act ("IMDMA")
  ☐ c. Respondent is given his/her   ☐ clothing   ☐ personal adornments   ☐ medicine
      ☐ other personal property, namely _____

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 5 of 11 - Emergency Order of Protection
Rev. 12/09

- [ ] 3. **(R10) (Police Enforced)** Personal property shall be transferred
  - [ ] at the residence, or
  - [ ] at _____
    (Street)     (City)     (State) (Zip Code)

  That the transfer of personal property shall take place in the presence of:
  - [ ] law enforcement, or [ ] an agreed-upon third party, namely _____
  - [ ] Respondent    [ ] Petitioner shall have the right to enter the residence to retrieve the property but only in the presence of law enforcement or the designated third party.

  Time and date of transfer: _____
  *(This transfer does not affect title to property 750 ILCS 60/21-4(b)(2))*

- [ ] 4. **(R11) (Court Enforced)** Respondent is prohibited from taking, transferring, concealing, encumbering, damaging, or otherwise disposing of the following real or personal property:
  _____
  except as explicitly authorized by the Court because:
  - [ ] Petitioner, but not Respondent, owns the property, or
  - [ ] The parties own the property jointly, and the balance of hardships favors granting this remedy, and/or
  - [ ] Petitioner claims the property as marital property and a proceeding has been filed under the IMDMA.

- [ ] 5. **(R11) (Court Enforced)** Respondent is prohibited from using financial or other resources of an aged member of the family or household for the profit or advantage of Respondent or any other person.

- [ ] 6. **(R11.5)(Court Enforced)** That the petitioner is granted the exclusive care, custody, or control of any animal owned, possessed, leased, kept, or held by either the petitioner or the respondent or a minor child residing in the residence or household of either the petitioner or the respondent and order the respondent to stay away from the animal and forbid the respondent from taking, transferring, encumbering, concealing, harming or otherwise disposing of the animal.

### PART C. REMEDIES INVOLVING CHILDREN

The minor child(ren) of the parties is/are:

| Full Name | Age | State of Residence | Relationship to Petitioner | Included as Protected Party |
|---|---|---|---|---|
| A▮▮▮▮▮ A▮▮▮▮▮ | 1 | ILLINOIS | DAUGHTER | ☒ |
|  |  |  |  | ☐ |
|  |  |  |  | ☐ |
|  |  |  |  | ☐ |
|  |  |  |  | ☐ |
|  |  |  |  | ☐ |

- [x] 1. That the primary caretaker of the minor child(ren) is    ☒ Petitioner    ☐ Respondent
  - [ ] Other Person _____
    (Name and Address)

- [x] 2. **(R05) (Police Enforced)** Petitioner is granted the physical care and possession of the minor child(ren) of the parties, and
  - [x] a. Respondent is ordered to return the minor children to the physical care of:
    - [x] Petitioner
    - [ ] Other _____
      (Name and Address)
    on _____ at _____ am / pm in the presence of _____

  - [x] b. Respondent is further ordered not to remove the minor child(ren) from the physical care of the Petitioner, school/school grounds, or babysitter/daycare provider, or other person *in loco parentis* (750ILCS 60/214(b)(5)).

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 6 of 11 - Emergency Order of Protection
Rev. 12/09

☐ c. The Circuit Clerk shall, within 24 hours of the issuance of this Order, send written notice of the Order to any protected child's day care or school to the following: (list child's name and the name and address for each child's school/day care).

_____
_____
_____

☐ If this box is checked, the petitioner shall provide the information to the clerk by a separate written notice which the clerk shall impound to prevent further abuse.

☐ 3. **(R07)** (Court Enforced) **Visitation of the minor child(ren)**

  ☐ a. Visitation is  ☐ **denied** / ☐ **restricted** because the Respondent has or is likely to:

   ☐ Abuse or endanger the minor child(ren) during visitation.

   ☐ Use visitation as an opportunity to abuse of harass Petitioner, Petitioner's family, or household members.

   ☐ Improperly conceal or detain the minor child(ren).

   ☐ Act in manner that is not in the best interest of the minor child(ren).

  ☐ b. Visitation is **reserved** until further order of court, or  ☐ until _____

  ☐ c. Visitation is **granted** as follows: **(check all that apply)**

   ☐ Every_____from_____ to _____

   ☐ Each Weekend from _____ to _____

   ☐ Alternating weekend from _____ to _____

   ☐ Other _____

   Major holidays shall be divided as follows: _____
   _____

  ☐ d. The Court, finding it necessary to protect Petitioner or other protected parties from further abuse, prohibits Respondent from going to Petitioner's residence to meet the minor child(ren) for visitation.

  ☐ e. Visitation Transportation

   ☐ Each parent shall provide transportation one-way for visitation, **or**

   ☐ _____ shall provide all transportation for visitation, **or**

   ☐ Other arrangements _____

  ☐ f. Visitation shall take place at _____
                                      (Street Address / City)

  ☐ g. Visitation is to be supervised by _____ who is approved to supervise visitation and who has filed an affidavit accepting responsibility and acknowledging accountability to the Court.

  ☐ h. Respondent shall return the child(ren) to Petitioner or Petitioner's designated person immediately at the end of visitation.

---

**Notice to Respondent**

The Petitioner may, by law, deny Respondent access to the minor child(ren) if, when Respondent arrives for visitation, Respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of Petitioner's minor child(ren) or is behaving in a violent or abusive manner. (750 ILCS 60/214(b) (7))

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 7 of 11 - Emergency Order of Protection
Rev. 12/09

☒ 4. **(R08) (Police Enforced)** Respondent is ordered not to conceal the minor child(ren) within the State or remove the child(ren) from the State of Illinois.

☒ 5. **(R09)** Respondent is ordered to appear at the __DuPage County Courthouse__ __505 N.County Farm Road, Wheaton, Illinois__ in Courtroom _____, on _____, at _____ am/pm

  ☐ Alone /   ☒ With the minor children:

   ☒ To prevent abuse, neglect, removal or concealment of the child,

   ☐ To return the child to the custody or care of the Petitioner, or

   ☐ To permit a court-ordered interview or examination of the child or Respondent.

☐ 6. **(R15) (Court Enforced)** Respondent is denied access to and is prohibited from inspecting, obtaining, or attempting to inspect or obtain school or any other records of the minor child(ren) in the care of the Petitioner because:

 ☐ The Order of Protection prohibits Respondent from having contact with the minor child(ren), **or**

 ☐ Petitioner's actual address is omitted due to the risk of further abuse, **or**

 ☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor child(ren).

## PART D. MISCELLANEOUS REMEDIES

**FIREARMS**

☐ 1. **(R14.5) (Police Enforced)** The Court has examined the Petitioner and any other witnesses under oath, has examined the petition and other relevant evidence on the issue of whether Respondent has threatened or is likely to use a firearm(s) illegally against Petitioner, and finds that there is a danger of the illegal use of firearms.

The Court finds that the Respondent:

 ☐ Has appeared personally in court

 ☐ Failed to appear personally after having received actual notice.

2. Respondent is ordered to turn over any and all firearms, including the following:

_____
_____
_____
_____
_____

3. Respondent shall turn over the above-listed firearm(s) to:

 ☐ the _____ County Sheriff's Office on or before _____ for safekeeping, to be returned to the Respondent on _____ (Period not to exceed two years unless otherwise prohibited under federal law. (18 U.S. C. §§ 922(d) and (g)(8), and 922(d) and (g)(9)).

 ☐ the _____ Police Department on or before _____ for safekeeping, to be returned to the Respondent on _____ (Period not to exceed two years unless otherwise prohibited under federal law. (18 U.S. C. §§ 922(d) and (g)(8), and 922(d) and (g)(9)).

4. The Circuit Clerk will notify:

 ☐ the _____ County Sheriff's Office

 ☐ the _____ Police Department of this provision, and such law enforcement agency shall take possession of said firearm(s) for safekeeping in accordance with the provisions of this Order.

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 8 of 11 - Emergency Order of Protection
Rev. 12/09

☐ **(R17)** Respondent is further ordered and enjoined as follows:

_____
_____
_____
_____
_____
_____

### PART E. RULINGS PURSUANT TO 750 ILCS 60/221 (A) (2) and (b) (2)

The relief requested in paragraph(s) _____ of the Petition is/are
☐ Denied    ☐ Reserved
because the balance of hardships does not support the granting of the remedy, and the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to the Petitioner from the denial of the remedy, or because

CHILD SHOULD NOT BE REMOVED WITHIN 50 MILES OF PETITIONER'S RESIDENCE AND MOTHER MAY

BY AGREEMENT HAVE VISITATION AND/OR POSSESSION OF CHILD. MOTHER MUST PROVIDE ADDRESS

AND PHONE NUMBER IF IN POSSESSION OR DURING VISITATION WITH CHILD
_____
_____

**THE EMERGENCY ORDER WAS ISSUED ON:**

Date  10/20/2015

Time  10:12 AM _____ am / pm

_Richard D. Russo_ (signature)
JUDGE RICHARD RUSSO
TRAN#: IPO24573161012533673

I hereby certify that this is a true and correct copy of the original order on file with the court.

_Chris Kachiroubas_ (signature)

Clerk Of Circuit Court of
DuPage County, Illinois

(Seal of the Clerk of Circuit Court)    Date: 10/20/2015

### NOTICE TO RESPONDENT

You may petition the court, in accordance with Section 224 of the Act to re-open the order, if you did not receive actual prior notice of the hearing in accordance with Section 211 of the Act, alleging that you have a meritorious defense to the order or that the order, or any of its remedies, was not authorized by the act.

cc: ☐ Petitioner  ☐ Respondent(via Sheriff)  ☐ Counsel of Record  ☐ Sheriff  ☐ Advocate  ☐ Jail
☐ States Attorney

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 9 of 11 - Emergency Order of Protection
Rev. 12/09

## DEFINITION OF TERMS USED IN THIS PETITION

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation but does not include reasonable direction of a minor child(ren) by a parent or person *in loco parentis.*

2. **Domestic Violence:** "Domestic Violence" means abuse as defined in paragraph one.

3. **Exploitation:** "Exploitation" means the illegal, including tortuous, use of a high risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

4. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, and persons with disabilities and their personal assistants. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

5. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to the petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:

   a. creating a disturbance at petitioner's place of employment or school;

   b. repeatedly telephoning petitioner's place of employment, home, or residence;

   c. repeatedly following petitioner about in a public place or places;

   d. repeatedly keeping petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by petitioner or by peering in petitioner's windows;

   e. repeatedly threatening to improperly remove a child of petitioner's from the jurisdiction, improperly concealing that child from petitioner or making a single such threat following an actual or attempted improper removal or concealment;

   f. improperly concealing a minor child from petitioner, repeatedly threatening to improperly remove a minor child of petitioner from the jurisdiction or from the physical care of petitioner, repeatedly threatening to conceal a minor child from petitioner, or making a single such threat following an actual or attempted improper removal , or concealment unless respondent was fleeing an incident or pattern of domestic violence; or

   g. threatening physical force, confinement or restraint on one or more occasions.

6. **Interference with Personal Liberty:** "Interference with Personal Liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which he or she has a right to abstain or to refrain from conduct in which he or she has a right to engage.

**(Definitions continued on the back of this page)**

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005

Page 10 of 11 - Emergency Order of Protection

Rev. 12/09

7. **Intimidation of a Dependant:** "Intimidation" means subjecting a person who is dependant because of age, health or disability to participation in, or the witnessing of: physical force against another or physical confinement or restraint of another which constitutes physical abuse as herein defined, regardless of whether the abused person is a family of household member.

8. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:

   a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse;

   b. the repeated, careless imposition of unreasonable confinement;

   c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance;

   d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or

   e. the failure to protect a high-risk adult with disabilities from health and safety hazards.

9. **Physical Abuse:** "Physical Abuse" includes sexual abuse and means any of the following:

   a. knowing or reckless use of physical force, confinement, or restraint; or

   b. knowing, repeated and unnecessary sleep deprivation; or

   c. knowing or reckless conduct which creates an immediate risk of physical harm.

10. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and;

    a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement of restraint and the threat is directed towards that person of a family member of that person; or

    b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or

    c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or restraint.

11. **Willful Deprivation:** "Willful Deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005

Page 11 of 11 - Emergency Order of Protection

Rev. 12/09